UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF NEW YORK

---

DOMINIQUE N. WILSON,

                Plaintiff,                  18 Civ. 1255 (EAW) (LGF)

- against -                              **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

TOWN OF CHEEKTOWAGA,
TOWN OF CHEEKTOWAGA POLICE DEPARTMENT,
TIMOTHY TURNBULL, Police Officer,

                Defendants.

---

Pursuant to Fed. R. Civ. P. 26(e), 33, 34 and 45, and Local Civil Rule 33.2, the defendants shall answer, under oath, the following interrogatories, and produce copies of the following documents, within 120 days of the service of the complaint on any named defendant, at the plaintiff's attorneys current address, as indicated below.

**DEFINITIONS**

1. "Department" refers to the Police Department of the Town of Cheektowaga, New York.

2. "Location" refers to the address where the Incident is alleged to have occurred.

3. "False Arrest" refers to an action in which the complaint alleges that an employee of the Department, lacked reasonable cause to arrest the plaintiff in violation of the plaintiff's rights.

Unless otherwise ordered by the Court, if within the 120-day period the defendant(s) moves for dismissal1 under Fed. R. Civ. P. 12(b) or 12(c), or moves for summary judgment on grounds which would be dispositive of the action in toto, defendants shall respond 30 days from denial of such motion in whole or in part.

4. "Malicious Prosecution" refers to an action in which the complaint alleges that an employee of the Department was responsible for plaintiff's injury resulting from criminal proceedings against plaintiff.

5. "Disciplinary Due Process Case" refers to an action in which (i) the complaint alleges that an employee of the Department violated or permitted the violation of a constitutional right(s) in a criminal proceeding against plaintiff.

6. "Incident" refers to the event or events described in the complaint.  If the complaint alleges a due process violation in the course of criminal proceedings, "Incident" also refers to the event or events that gave rise to the criminal proceedings.

7. "Identify," when applied to persons, shall mean: (i) full name and current or last known address for service; and (ii) for Department employees, badge number or numbers, if any.

8. "Identify," when used in connection with a civil or criminal proceeding shall mean: the case name, court, docket number and date of commencement.

**INSTRUCTIONS**

1. All defendants represented by Colluci and Gallaher, P.C., are instructed to produce documents (or copies thereof) and, provide information in the defendants' custody, possession or control and documents and information in the custody, possession or control of the Town of Cheektowaga Police Department.  If the Town of Cheektowaga Police Department is not a party, documents and information shall be produced as if a Rule 45 subpoena had been served on the Town of Cheektowaga Police Department.  All responses are subject to the requirements of Fed. R. Civ. P. 26(e).  Documents so produced shall be Bates-stamped or otherwise numbered sequentially.

2. Whenever defendants or the non-party Department withhold any document or portion thereof that is responsive to any of the document requests for reasons of privilege or departmental security, counsel for defendants shall (i) obtain a copy of the document (including audio tape, videotape, electronic recording or photograph) from the appropriate agency or defendant and retain such document in defense counsel's office until the conclusion of the litigation; (ii) serve and file a (privilege) log in conformity with Fed. R. Civ. P. 26(b)(5) or Local Civil Rule 26.2, setting forth the reason for withholding the document; and (iii) make the withheld document available upon request to the Court.  If the document is withheld for reasons of departmental discipline or security, rather than privilege, the document shall also be made available to plaintiff's counsel, who shall maintain it in strict confidence.  If security interests can be addressed by redacting a portion of the document, the redacted document shall be produced to plaintiff.  Counsel for defendants may also take appropriate measures to ensure that Department letterhead, forms and stationery are not misused by plaintiff.

3. If any document responsive to this request exists in the form of a tape recording, video recording or other electronic recording it shall be preserved until the conclusion of the litigation. If a tape recording has not been transcribed, a copy of such tape or electronic recording shall be produced, subject to any state law or regulation barring access on grounds of security.  If the tape, video or electronic recording is not produced to plaintiff, defense counsel shall retain the tape and make it available upon request to the Court, and to the plaintiff's counsel.  Any transcript shall be treated as any other responsive document.

4. The documents responsive to requests 2 through 9 shall be provided for a period of five years prior to the filing of the complaint and, shall be provided by the Department to defense counsel within the 120-day responsive period and, shall be maintained in defense counsel's office until

the conclusion of the litigation.  Such documents shall be produced to the Court upon request.  If the case proceeds to trial, the Court shall address prior to trial the disclosure of such documents to plaintiff for use at trial.  If the response to any of requests 1 through 10 is "None," that response shall be provided to plaintiff at the time these requests are responded to.

**Document Production**

1. With respect to any criminal proceeding in which plaintiff alleges the denial of a constitutional right, produce all documents concerning the proceeding, including: police reports; witness statements; investigative reports; any records reflecting informal interviews with the plaintiff related to the criminal proceeding; criminal court hearing records; hearing transcripts; criminal proceeding disposition sheets; notices of appeal and any accompanying documents; and any decisions on appeal.

2. Any and all procedures or guides utilized by the Town of Cheektowaga Police Department to instruct police officers in procedures to be followed in placing a suspect under arrest.

3. Any and all procedures or guides utilized by the Town of Cheektowaga Police Department to instruct police officers how to determine if they have probable cause to enable them to make a lawful arrest without a warrant.

4. Produce any and all of the following documents in the custody, possession or control of the Department prepared by or at the direction of any employee of the Town of Cheektowaga, or any other governmental entity in connection with the Incident: incident reports, intradepartmental memoranda (including memoranda sometimes referred to as "to/forms"), unusual incident reports, witness statements, video or audio tapes, photographs, criminal complaint/information, dispositions of any criminal proceeding, in connection with the incident.

5. Produce all files, including each closing memorandum and summary, made in the course of any completed investigation by the Department into the Incident.  If the Incident or the conduct of defendants involved in the Incident is the subject of an ongoing investigation or a disciplinary proceeding, criminal investigation or outstanding indictment or information, discovery under this request shall be suspended until the termination thereof (whether by completion of the investigation without charges being brought or by disposition of such charges).  A response shall be due thirty (30) days after such termination.

6. For any defendant, other than for the Chief/Commissioner, any Deputy Chief/Commissioner or Assistant Chief/Commissioner, and ranks above (and any similar positions for other Departments), identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which the defendant was formally counseled, disciplined, punished, or criminally prosecuted or otherwise made the subject of remedial action in connection with  having made a false statement of any kind.

7.  All records of complaints filed with the Town of Cheektowaga Police Department against Timothy Turnbull while Timothy Turnbull was employed as a Town of Cheektowaga police officer and, any and all investigations conducted on the basis of such complaints.

8.  All documents in Defendant's possession (whether executed or unexecuted) purporting to release Town of Cheektowaga police officers from liability for violation of civil rights.

9. All documents in Defendant's possession (whether executed or unexecuted) purporting to release Town of Cheektowaga police officers from civil liability.

10. Any and all records of sums of money paid by Defendant to individuals in settlement, compromise, or satisfaction of claims against Town of Cheektowaga police officers for unreasonable use of force, abuse of official position, false arrest, or abuse of due process which have been paid since November 9, 2015.

      The documents and things are to be made available for copying at the office of the undersigned at 10:00 a.m., on May 28, 2019.

Dated: May 6, 2019

                                                    s/Gregory Dale Abram

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on May 6, 2019, a copy of the foregoing was served on the following counsel by virtue of the ECF system:

Marylou K. Roshia Colucci & Gallaher, P.C.
2000 Liberty Building
424 Main Street
Buffalo, New York 14202
Attorney for Defendant

                                                    s/Gregory Dale Abram