UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOMINIQUE N. WILSON,

        Plaintiff,

    v.

TOWN OF CHEEKTOWAGA,
TOWN OF CHEEKTOWAGA POLICE DEPARTMENT,
and TIMOTHY TURNBULL, Police Officer,

        Defendants.
_____

DECISION
and
ORDER

18-CV-01255W(F)

APPEARANCES:  GREGORY D. ABRAM, ESQ.
        Attorney for Plaintiff
        249-12 Jericho Turnpike
        Suite 230
        Floral Park, New York 11001

        COLUCCI & GALLAHER, P.C.
        Attorneys for Defendants
        MARYLOU KATHRYN ROSHIA, of Counsel
        2000 Liberty Building
        424 Main Street
        Buffalo, New York 14202-3695

## **JURISDICTION**

    This case was referred to the undersigned by Honorable Elizabeth A. Wolford on February 6, 2019, for pretrial nondispositive matters. The matter is presently before the court on Plaintiff's motion to compel joinder[1] (Dkt. 17), filed June 26, 2019.

---

[1] Motions for joinder pursuant to Fed.R.Civ.P. 20(a) are non-dispositive. *Hatemi v. M&T Bank Corporation*, 2015 WL 13549199, at * 1 (W.D.N.Y. Mar. 5, 2015) (citing cases).

## **BACKGROUND and FACTS**[2]

On November 9, 2015, Plaintiff Dominique N. Wilson ("Plaintiff") was arrested by Defendant Timothy Turnbull ("Turnbull"), a police officer with Defendant Town of Cheektowaga Police ("Police") and charged with reckless endangerment and menacing, both in the second degree, in violation of New York Penal Law §§ 120.20 and 120.14-01, and taken into custody. Plaintiff's arrest arose from a domestic incident ("the domestic incident"), with her then fiancé, Micaiah Abram ("Abram"), with whom Plaintiff resided at 1440 Harlem Road in the Town of Cheektowaga, New York ("the residence"). Specifically, Turnbull was dispatched in response to a neighbor's call reporting Plaintiff and Abram were outside the residence fighting and Plaintiff was waving a handgun registered to Abram. Plaintiff, who admitted the handgun belonged to Abram, was arrested and charged with reckless endangerment in the second degree and menacing in the second degree. Abram was not charged, but subsequent to Plaintiff's arrest, the residence was searched and all firearms were removed from the residence and transported to the Police headquarters where they remain retained by the Police for "safekeeping." Prosecution of the criminal charges against Plaintiff ended with both charges being dismissed.

On November 8, 2018, Plaintiff filed the Complaint ("Complaint") commencing the instant action pursuant to 42 U.S.C. § 1983, alleging Defendants, including the Town of Cheektowaga ("Town"), the Police, and Turnbull (together, "Defendants"), subjected Plaintiff to false arrest, false imprisonment, assault and battery, defamation of character, and malicious prosecution in violation of Plaintiff's constitutional rights under the Fourth,

---
[2] The Facts are taken from the pleadings and motion papers filed in this action.

Fifth, and Fourteenth Amendments. On November 9, 2018, Abram commenced a separate action in this court against the Town, the Police, and David J. Zack, Cheektowaga Police Chief ("Zack"), asserting the confiscation of Abram's firearms in connection with the domestic incident and the subsequent failure to return the firearms to Abrams violated Abram's rights under the Fifth and Fourteenth Amendments. *See Abram v. Town of Cheektowaga Police Department*, Dkt. No. 18-CV-001267-EAW-LGF ("Abram's action").

On June 26, 2019, Plaintiff filed in the instant action a motion seeking to compel the joinder of Abram as a plaintiff (Dkt. 17) ("Plaintiff's motion"), attaching in support the statement of Gregory Dale Abram, Esq. (Dkt. 17-1) ("Abram Statement"), and the Memorandum of Points and Authorities (Dkt. 17-2) ("Plaintiff's Memorandum"). In opposition to Plaintiff's motion, Defendants filed on July 16, 2019, the Affidavit of Marylou K. Roshia, Esq. (Dkt. 20) ("Roshia Affidavit"), exhibits A through F (Dkt. 20-1 through 20-6) ("Defendants' Exh(s). __"), and the Memorandum of Law in Opposition to Plaintiff's Motion to Compel Joinder (Dkt. 20-7) ("Defendants' Memorandum"). On July 18, 2019, Plaintiff filed the Affidavit of Gregory Dale Abram in Reply (Dkt. 21) ("Abram Reply Affidavit"), attaching the Memorandum of Law in Reply to Defendant's Opposition to Motion for Joinder (Dkt. 21-1) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion is DENIED.

## **DISCUSSION**

Plaintiff moves to compel the joinder of Abram as a Plaintiff in the instant action because the claims asserted by Plaintiff in the instant case and by Abram in Abram's

3

action arose out of the same transaction, *i.e.*, the domestic incident, and involve common issues of law or fact.  Plaintiff's Memorandum at 3.  In opposition to joinder, Defendants argue Plaintiff's motion is procedurally improper because Abram has not moved for joinder as a plaintiff in the instant action.  Defendants' Memorandum at 2.  Further, although both the instant action and Abram's action stem from the same domestic incident involving Plaintiff and Abram on November 9, 2015, the claims asserted in each case differ with Plaintiff's claims based on her arrest and Abram's claims based on the confiscation of his firearms, *id.* at 4, such that there is no law or fact common to both cases.  *Id.*  Defendants further maintain joinder would not be in the interest of judicial economy especially given there is currently pending in Abram's action a motion to dismiss.  *Id.* at 5.  In further support of joinder, Plaintiff argues joinder will "promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits" in accordance with the central purpose of Fed.R.Civ.P. 20, Plaintiff's Reply at 3-4, and that there can be no question that the claims Plaintiff asserts in the instant case arose out of the same transaction or occurrence that gives rise to the claims asserted in Abram's action.  *Id.* at 5-6.

Plaintiff's motion seeks to compel the joinder of Abram as a plaintiff pursuant to Fed.R.Civ.P. 20 ("Rule 20"), which, as relevant here, provides for permissive joinder of plaintiffs in one action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed.R.Civ.P. 20(a)(1).

Both elements must be met for proper joinder under Rule 20. *Brown v. Chappius*, 2014 WL 1795015, at * 3 (W.D.N.Y. May 6, 2014) (citing *Barnhart v. Town of Parma*, 252 F.R.D. 156, 159 (W.D.N.Y. 2008) (joinder is improper if both elements are not established)). Although the requirements are to be liberally interpreted, both requirements must be met and constrain the court's discretion. *Id.* In determining whether claims arise out of the same "transaction" or "occurrence" under Rule 20, "courts are to look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Id.* (quoting *Barnhart*, 252 F.R.D. at 160). Further, Plaintiff bears the burden of demonstrating that joinder is proper under Rule 20. *Id.* Here, Plaintiff has failed to meet her burden for joinder.

With regard to the first element, although the claims asserted by Plaintiff in this case, as well as the claims asserted by Abram in Abram's action arose from the same November 9, 2015 domestic incident, Plaintiff's claims are based on her arrest and the resulting criminal charges filed against her, whereas Abram's claims are based on the confiscation of his firearms stemming from the search of the residence, and inability to have the firearms returned. In other words, Plaintiff's claims pertain to her conduct in threatening Abram while brandishing a firearm, whereas Abram's claims pertain to the

subsequent search of the residence and confiscation of his firearms[3] which Abram then was unable to have returned.[4] Accordingly, the first element is not satisfied.

Nor is the second element met. In particular, Plaintiff's claims turn on the legality of her arrest and subsequent prosecution, whereas Abram's claims involve the search of the residence without any warrant, resulting in the seizure of Abram's weapons, the return of which Abram was unable to arrange. Accordingly, the instant case and Abram's action share no common issue of fact or law.

Moreover, insofar as Plaintiff and Abram seek to avoid duplicative efforts with regard to discovery in both actions, such concerns can be addressed by the parties to both actions stipulating that all discovery in either this action or Abram's action may also be used in the other action.

Accordingly, joinder under Rule 20 is not supported and Plaintiff's motion should be DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 17) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: January 30, 2020
Buffalo, New York

---

[3] The police officer or officers who searched the residence and seized the weapons is not identified either in the instant record or in the record in Abram's action. *See*, *e.g.*, Abram's Action Complaint (Dkt. 1) at 4 ("On 11/09/2015 plaintiffs property consisting of firearms was removed from his home by members of the Town of Cheektowaga Police Department, unlawfully and return of said property has been denied.").
[4] It is not clear from the record whether Abram's firearms were ever returned to him.