UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOMINIQUE N. WILSON,

                              Plaintiff,

    v.

TOWN OF CHEEKTOWAGA,
TOWN OF CHEEKTOWAGA POLICE DEPARTMENT,
TIMOTHY TURNBULL, Police Officer,

                              Defendants.
_____

**DECISION
and
ORDER**

**18-CV-1255W(F)**

APPEARANCES:        GREGORY D. ABRAM, ESQ.
                           Attorney for Plaintiff
                           249-12 Jericho Turnpike
                           Suite 230
                           Floral Park, New York 11001

                           COLUCCI & GALLAHER, P.C.
                           Attorneys for Defendants
                           MARYLOU K. ROSHIA, of Counsel
                           2000 Liberty Building
                           424 Main Street
                           Buffalo, New York  14202-3695

In this § 1983 action Plaintiff alleges Defendants subjected Plaintiff to false arrest, false imprisonment, assault and battery, defamation of character, and malicious prosecution in violation of Plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments.  Plaintiff's action arises from a domestic incident on November 9, 2015, in the Town of Cheektowaga, New York, during which Plaintiff allegedly waived a firearm at her fiancé with whom she resided resulting in her arrest by Defendant Turnbull on state law menacing charges which were later dismissed.  Before the court are Plaintiff's motion to compel for sanctions, filed October 28, 2021 (Dkt. 38)

("Plaintiff's motion"), and Defendants' cross-motion for costs incurred in connection with Defendants' opposition to Plaintiff's motion filed November 13, 2020 (Dkt. 43) ("Defendants' motion"). Oral argument scheduled for December 1, 2020 was adjourned by the court (Dkt. 46). Upon the court's review of the respective motions, the court finds oral argument to be unnecessary and as such the oral argument previously scheduled is cancelled.

Plaintiff's motion is directed to Defendants' answers to several of Plaintiff's Interrogatories and Plaintiff's Request for Production of Documents served May 6, 2019 (Dkts. 12 and 13). Defendants' Answers to Plaintiff's Interrogatories were served on June 12, 2019; Defendants' document production responses were served July 19, 2019. Plaintiff served an Amended Second Document Production demand on October 1, 2020 (Dkt. 38-2). On October 16, 2020, Defendants served Defendants' response to Plaintiff's amended request for production (Dkt. 48-3) (Defendants produced Cheektowaga Police Department General Order A-10-1 re: Performance Evaluations, General Order A-7-5 re: Records Management, General Order O-7-1 re: Criminal Investigations and General Order A-25-1 re: Professional Standards Policy). Defendants assert Defendants' costs should be awarded as Plaintiff's motion is premature or baseless (Dkt. 43-1 ¶ 9). In Plaintiff's Reply, filed November 17, 2020 (Dkt. 44) ("Plaintiff's Reply"), Plaintiff contends Defendants' objection to Plaintiff's Document Request No. 1 requesting documents pertaining to Plaintiff's arrest and prosecution, including related court proceedings, as not being within Defendants' possession, custody or control, is without merit (Dkt. 44 at 2-3) and that Defendants' assertion that Defendants' production of the Town of Cheektowaga Police Department's

police report regarding the November 9, 2015 incident which resulted in Plaintiff's arrest was sufficient is not consistent with Defendants' obligation to produce relevant documents following a reasonable inquiry. Dkt. 44 at 3. Plaintiff also submits that Plaintiff provided Defendants in August 2019, the executed authorization Defendants had represented as required to enable Defendants to produce copies of judicial proceedings in Cheektowaga Town Court within the scope of Plaintiff's document request but that no supplemental production of these documents has been provided by Defendants. It is unclear as to why Plaintiff failed to serve Defendants with a supplemental demand regarding production of these documents, however, although Defendants assert Defendants have provided supplemental production of several Town of Cheektowaga Police Department policies, Dkt. 43-3, Defendants do not dispute Defendants have not provided copies of responsive documents related to Plaintiff's authorization as Defendants' requested. *See* Dkt. 43 (*passim*).

As to Plaintiff's Document Request No. 6 which requested documents related to any employment disciplinary actions against Defendant Turnbull for providing false statements or reporting in connection with his duties as a police officer, Dkt. 44 at 5. Defendants objected to this request relying on N.Y. Civil Rights Law § 50-a ("§ 50-a") which in substance restricts access to police personnel records. Dkt. 44 at 5. Plaintiff's Request No. 7 requests information regarding complaints against Defendant Turnbull relating to his actions as a police officer. *Id.* at 6. Defendants' objection is also based on § 50-a. *Id.* In reply, Plaintiff contends § 50-a has since been repealed by action of the N.Y. Legislature and Governor on June 12, 2020. *Id.* Defendants do not further respond to Plaintiff's contentions with regarding to Plaintiff's Requests Nos. 6 and 7.

Plaintiff's motion also contends Defendants' answers to Plaintiff's Interrogatories 1, 3(d)-(e), 5, 6, 7, 8, 9, 10, 12, 15, 16, 18, 19, 20, 21, 23, 24 and 25 are insufficient.  Dkt. 38 at 3.  Defendants objected to Plaintiff's interrogatories based on privilege, relevance, vagueness, overbreadth, and undue burdensomeness.  Dkt. 43-2 at 3.  Specifically, Plaintiff argues Defendants' Answer to Interrogatory No. 1, requesting the identity of the persons who prepared responses to Plaintiff's interrogatories was insufficient as it identified only Defendants' law firm and Defendant Town of Cheektowaga Police Department.  Dkt. 38 at 2.  Defendants' original answer to Interrogatory No. 3(d)-(e), which requested what Plaintiff was told when arrested, and the identity of the persons who charged Plaintiff, asserted such information could be gleaned from the deposition testimony to be taken in the matter; however, Defendants have recently served, on November 13, 2020, Supplemental Responses to Plaintiff's First Set of Interrogatories (Dkt. 43-2) in which Defendants have now provided the requested information.  See Dkt. 43-2 at 5.  In Plaintiff's Reply, Plaintiff does not further contend Defendants' Supplement Answers are insufficient.  Dkt. 44 (*passim*).  Plaintiff also contended that the Defendants' answers to Plaintiff's interrogatories as referenced above were inadequate for failure to provide specific details, instead asserting Plaintiff could obtain the requested information from the police report regarding the November 9, 2015 incident.  Dkt. 38-3.  However, as with Plaintiff's Interrogatories No. 3(d)-(e), Defendants' Supplemental Answer now provides detailed responses with no assertion that Plaintiff consult the police report for the information sought by Plaintiff in the interrogatories at issue on Plaintiff's motion.  For example, Interrogatory No. 5 requested Defendants' identify persons with knowledge of the incident resulting in

4

Plaintiff's arrest.  Defendants' Supplemental Responses now includes the names of three Cheektowaga Police Department officers including Defendant Turnbull responsive to Plaintiff's interrogatory.  See Dkt. 43-2 at 6.  Similarly, Defendants responded to Plaintiff's Interrogatory No. 6 seeking the identity of witnesses by identifying the responding officers but declined to identify other potential witnesses citing confidentiality requirements.  Dkt. 43-2 at 6.  Based on the court's review of Defendants' Supplemental Responses in response to the remaining interrogatories which Plaintiff's motion asserted had not been sufficiently answered by Defendants, it appears that Defendants have corrected some of the deficiencies Plaintiff had identified in Plaintiff's motion.  In response to Interrogatories Nos. 10, 18, 19, 20, 21, and 23, requesting details regarding the basis, decision to arrest, procedures and to effect Plaintiff's arrest, Defendants directed Plaintiff to the police report filed in connection with Plaintiff's arrest.  Dkt. 43-2 at 7, 10, and 11.  However, Plaintiff has not further disputed Defendants' reliance upon the police report to answer these interrogatories which cover subjects presumably addressed in the police report, a copy of which was not included in the record.  Specifically, Plaintiff's Reply while referencing Defendants' Supplemental Responses in regard to Plaintiff's Interrogatories, reiterates only Plaintiff's contentions with respect to Defendants' failure to identify the person responsible for preparing Defendants' answers and that such answers as requested by Interrogatory No. 1, including Defendants' Supplemental Responses, are not sworn to or signed by the Defendants as required by Fed.R.Civ.P. 33(b)(3) (answers to interrogatories to be separately answered and signed by the responding party under oath).  Dkt. 44 at 2.  The court's finding is also consistent with Plaintiff's Memorandum of Law filed in support of Plaintiff's motion, Dkt. 44-1, which

5

limits its discussion to the issues of the identity of the person preparing the answers and the required oath pursuant to Rule 33.  The court therefore determined that other than as to these latter two issues, Plaintiff's contentions in support of Plaintiff's motion based on the asserted inadequacy of Defendants' answers to Plaintiff's interrogatories is, despite Defendants' reliance on the police report regarding the incident as to several of Plaintiff's interrogatories, now moot.  *See In re Savitt/Adler Litigation*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997) (Fed.R.Civ.P. 33(d) permits reference to "business records" in responding to interrogatory where the requested information is located in the documents and the burden of extracting the requested information is substantially the same for either party); *see also Smith v. City of New York*, 2016 WL 5793410, at *3 (S.D.N.Y. Sept. 30, 2016) (considering police reports to be business records for purposes of the business records exception to the hearsay rule, Fed.R.Evid. 803(6)); *aff'd*, 697 Fed.Appx. 88 (2d Cir. 2017).

      Further, in view of Defendants' failure to provide a privilege log required to support Defendants' general objection based on privilege and work-product, the court finds Defendants' objection waived.  *See Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 99 (W.D.N.Y. 2011) (failure to timely serve privilege log, required by Rule 26(b)(5)(A) (requiring a description of a withheld material as privileged or "protection as trial-preparation material" sufficient to enable other parties to "assess the claim"), waives asserted privilege or other protection against disclosure) (citing caselaw).  Additionally, Defendants fail to provide an affidavit by a person with knowledge of Defendants' records sufficient to support that the requested production is unduly burdensome.  *See Brown v. McKinley Mall, LLC*, 2017 WL 2332330, at *3

(W.D.N.Y. May 30, 2017) ("Absent an affidavit from a person with personal knowledge of the factual nature of an alleged undue burden arising from a discovery request pursuant to the Federal Rules of Civil Procedure, such generalized assertions that a discovery request is unduly burdensome will be overruled." (citing *Strom v. Nat'l Enterprise Systems, Inc.*, 2010 WL 1533383, at *4 (W.D.N.Y. Apr. 15, 2010) )). Defendants shall therefore serve an amended answer responsive to Plaintiff's Interrogatory No. 1 indicating with particularity the person(s) responding to Plaintiff's interrogatories, *see Aljarah v. Citigroup Global Market, Inc.*, 2018 WL 4838538, at * 10 (W.D.N.Y. Oct. 4, 2018) (granting plaintiff's motion to compel defendants identify the law firm's specific employees who responded to each of the plaintiff's interrogatories), under oath within 20 days. The court turns to Plaintiff's Document Requests Nos. 1, 6 and 7.

Specifically, Plaintiff's Request No. 1, as noted, requested documents relating to Plaintiff's arrest and criminal proceeding, the basis of Plaintiff's malicious prosecution claim, Defendants' objection is based on Fed.R.Civ.P. 34(a)(1) which requires production of a broad range of documents if within a responding party's "possession, custody, or control." Dkt. 44 at 2. However, despite Defendants' asserted lack of such possession, custody or control of the requested documents pertaining to Plaintiff's court proceedings, Defendants requested Plaintiff execute and return an authorization which "would permit us to obtain" these requested documents. Dkt. 44 at 3 (underlining added). According to Plaintiff, although Plaintiff executed the authorization and returned it to Defendants in August 2019, no production of the requested court documents responsive to Plaintiff's Request No. 1 was or has been received from Defendants. *Id.* Although Defendants' opposition to Plaintiff's motion, Defendants assert Defendants

7

"have diligently responded to all document requests from plaintiff," on July 19, 2019, Dkt. 43-1 at 2 (underlining added).  Defendants do not specify that such prior production included the requested court records available to Defendants following receipt of Plaintiff's authorization which authorization Plaintiff represents was provided to Defendants in August 2019 (Dkt. 44 at 3).  Thus, it appears that either Defendants overlooked or failed to act upon Plaintiff's authorization, or Plaintiff is mistaken in asserting the authorization was in fact provided as Plaintiff now represented.  In any event, it is apparent that by requesting the authorization, a request Defendants do not dispute making of Plaintiff, Defendants concede Defendants have the ability to produce the documents responsive to Plaintiff's Interrogatory No. 1.  *See Hallmark v. Cohen & Slamowitz, Midland Funding LLC*, 302 F.R.D. 295, 299 (W.D.N.Y. 2014) (where party has practical ability to produce requested documents production will be required under Rule 34(a)).  Therefore, Defendants shall provide a new authorization form to Plaintiff within 10 days and upon receipt of the form such executed by Plaintiff obtain and produce documents fully responsive to Plaintiff's Request No. 1.

Plaintiff also disputes whether Defendants have made a diligent search for all documents in Defendants' possession other than the police report of the November 9, 2015 incident which is the only document Defendants have so produced responsive to Request No. 1.  *See Gainer v. United Automobile Aerospace Agricultural Implement Workers, (UAW)*, 2016 WL 9455264, at * 6 (W.D.N.Y. Mar. 17, 2016) (under Rule 34(a) responding party has duty to conduct a reasonable and diligent search for responsive documents).  Here, although Defendants assert Defendants have "diligently" responded to Plaintiff's request, Dkt. 43-1 at 2, it is unclear whether such diligence extends to

Plaintiff's request for "witness statements," "investigative reports" and "interviews with the plaintiff," specifically requested by Request No. 1 beyond production of the "police report" which Defendants did produce.  The court also notes Defendants' opposition to Plaintiff's motion is a pleading, not an affidavit, submitted by Defendants' attorney and fails to particularize that other than the police report which Defendants produced no other documents within the scope of Request No. 1 exist.  Accordingly, as such material is relevant to Plaintiff's claims and Defendants have failed thus far to demonstrate that obtaining such documents would in fact be unduly burdensome, Defendants shall conduct a further search of Defendants' records and produce any other responsive documents or provide counsel's affidavit describing with reasonable particularity as to records searched by Defendants that despite Defendants' search of Defendants' records for such responsive documents, no other responsive documents could be located.  *See In re Terrorist Attacks on September 11, 2001*, 2018 WL 3387494, at * 6 (S.D.N.Y. July 11, 2018) (court has authority to compel responding party to conduct additional search of party's records to assure complete production of responsive documents).  Defendants' additional search and production if any, and the required affidavit by counsel, shall be provided within 20 days of this Decision and Order.

   Plaintiff's Document Requests No. 6 and 7 requests records relating to Defendant Turnbull's employment as a Cheektowaga Police Officer.  Request No. 6 seeks records of any action taken against Defendant Turnbull for making any form of "false statements," Dkt. 44 at 5; Request No. 7 seeks documents covering any complaint against Turnbull during his employment in connection with performance of his duties with the Cheektowaga Police Department.  Defendants' objection to both

9

requests asserts the requests are overly broad, burdensome, and beyond the scope of discovery permitted by N.Y. Civil Rights Law § 50-a which generally prohibits disclosure public disclosure of personnel records "used to evaluate performance toward continued employment or promotion' of police officers, firefighters, and correction officers . . . ." Plaintiff's Reply, however, as noted, argues § 50-a has been repealed in June 2020. Dkt. 44 at 6.  While, again, Defendants' opposition to Plaintiff's motion filed November 13, 2020, asserts Defendants have "diligently responded to all document requests from Plaintiff," Dkt. 43-1, Defendants' opposition fails to address the issue of the effect of § 50-a's repeal on Plaintiff's motion.  The court takes judicial notice that § 50-a was repealed on June 12, 2020.  *See* 2020 N.Y. Sess. Laws, Ch. 96, Sec. 1 (McKinney). Nevertheless, in federal § 1983 actions, courts have not held § 50-a constrains the scope of discovery provided that the records at issue provide information relevant to the plaintiff's claims or defenses.  *See King v. Conde*, 121 F.R.D. 180, 194-95 (E.D.N.Y. 1988) (construing the "limited purpose" of § 50-a to be preventing a fishing expedition through use of *in camera* inspection of personnel files procedure to determine whether to block release of relevant material).  Records, including complaints against defendant police officers, have been required to be disclosed where the conduct is substantially similar to the plaintiff's claim, and have been sufficiently substantiated.  *Id.  See also Gross v. Lunduski*, 304 F.R.D. 136, 140-41 (W.D.N.Y. 2014).  The court also has discretion to examine a defendant's personnel file to make this determination and require disclosure subject to redaction to protect a defendant's valid privacy interests. *See Gross*, 304 F.R.D. at 156 (citing *Inmates of Unit 14,* 102 F.R.D. 122, 128–29 (N.D.N.Y.1984) (permitting inmate plaintiff's attorneys to conduct an eyes only

10

inspection of defendants' personnel files subject to redaction and limited sharing of information with inmate plaintiffs)).  Thus, that § 50-a has been repealed does not necessarily mandate disclosure of Turnbull's records responsive to Plaintiff's Requests.  *See Saaverda v. City of New York*, 2021 WL 104057, at * 2 (S.D.N.Y. Jan. 12, 2021) (even with repeal of § 50-a, under Fed.R.Civ.P. 26(a) a plaintiff is only entitled to those portions of a defendant police officer's disciplinary history involving conduct similar in nature to conducting serving as a basis of the plaintiff's claims).  Defendants, as noted, have failed, *see, supra*, at 6, to sustain Defendants' objection based on excessive burdensomeness.  However, to assure Plaintiff obtains Defendants' production responsive to Request Nos. 6 and 7, Defendants shall provide to the court <u>within 10 days</u>, a copy of any of Turnbull's personnel records maintained by the Cheektowaga Police Department and in which accusations of making false statements or any complaints filed against Turnbull, in the conduct of his official duties, lodged during the period of 2010 to the present, would be kept in the ordinary course of Defendant Police Department's business, or are, in fact maintained, for an *in camera* review.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 38) is GRANTED in part, and DISMISSED as moot in part; Defendants' cross-motion (Dkt. 43) is DENIED.  For the reasons discussed, the court finds Plaintiff's motion had a colorable basis and Defendants shall therefore <u>within 20 days</u> show cause why Plaintiff's expenses pursuant to Fed.R.Civ.P. 37(a)(5)(A) (expenses of motion to be paid by party resisting discovery or attorney advising such conduct or both) should not be granted including whether such expenses should be awarded against and apportioned between Defendants and

11

Defendants' attorneys.  Plaintiff's response shall be filed within 10 days thereafter; Defendants' reply, if any, shall be filed within five days; oral argument shall be at the court's discretion.

SO ORDERED.

                                               /s/ *Leslie G. Foschio*
_____
                                          LESLIE G. FOSCHIO
                                   UNITED STATES MAGISTRATE JUDGE

Dates:  January 20, 2021
          Buffalo, New York