UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOMINIQUE N. WILSON,                         **DECISION**
                                                             **and**
                             Plaintiff,                 **ORDER**

    v.

TOWN OF CHEEKTOWAGA,
TOWN OF CHEEKTOWAGA POLICE DEPARTMENT,      18-CV-1255W(F)
TIMOTHY TURNBULL, Police Officer,

                             Defendants.
_____

APPEARANCES:        GREGORY D. ABRAM, ESQ.
                             Attorney for Plaintiff
                             249-12 Jericho Turnpike
                             Suite 230
                             Floral Park, New York 11001

                             COLUCCI & GALLAHER, P.C.
                             Attorneys for Defendants
                             MARYLOU K. ROSHIA,
                             MARC S. SMITH, of Counsel
                             2000 Liberty Building
                             424 Main Street
                             Buffalo, New York 14202-3695

         In this § 1983 action alleging false arrest, false imprisonment, assault and battery, and malicious prosecution by Defendants, in a Decision and Order filed January 20, 2021 (Dkt. 52) ("the D&O"), the court, *inter alia*, granted in part Plaintiff's motion to compel (Dkt. 38) seeking answers to Plaintiff's interrogatories and production fully responsive to Plaintiff's document requests. Both of Plaintiff's discovery requests sought details concerning the circumstances of and basis for Plaintiff's arrest by Defendant Turnbull. Defendants initially referred Plaintiff to the police report filed in connection with Plaintiff's arrest and suggested Plaintiff could also obtain the

information in a deposition but subsequently, following Plaintiff' motion to compel, provided the requested information. As a result, the court determined Defendants had failed to identify the person(s) who assisted in preparing Defendants' answer to Plaintiff's interrogatories as Plaintiff had asked and directed that Defendants conduct a further search for additional responsive documents other than reliance on the police report regarding Plaintiff's arrest or provide an affidavit attesting that a further search failed to yield additional responsive documents. D&O at 7, 9. The D&O further determined Defendants' refusal to provide complaints against Defendant Turnbull alleging false statements based on N.Y. Civil Rights Law § 50-a was without merit and directed production of Defendant Turnbull's personnel file for an *in camera* review. D&O at 9-11. Defendants were also directed to show cause why Plaintiff's reasonable expenses incurred in connection with Plaintiff's motion should not be awarded pursuant to Fed.R.Civ.P. 37(a)(5)(A) ("the OTSC"). In accordance with the OTSC, Defendants filed, on February 9, 2021, the Affirmation of Marc Smith in opposition to an award of Plaintiff's expenses (Dkt. 58); in reply Plaintiff filed the Affidavit of Gregory Dale Abram (Dkt. 60).

Rule 37(a)(5) requires the court award reasonable expenses to the prevailing party on a motion to compel against a party or attorney advising a party action necessitating the motion unless the action was substantially justified or the award would, in the circumstances, be unjust. *New York v. Grand River Enterprises Six Nations, Ltd.*, 2021 WL 948042, at *2 (W.D.N.Y. Mar. 12, 2021) (citing *Rosehoff, Ltd. v. Truscott Terrace Holdings, LLC*, 2016 WL 2640351, at *4 (W.D.N.Y. May 10, 2016)). Whether the failure to provide discovery was substantially justified turns on whether the

failure was based on objectively reasonable grounds; *Id.* (citing *Scott-Iverson v. Indep. Health Ass'n, Inc.*, 2016 WL 1458239, at *2 (W.D.N.Y. Apr. 14, 2016)), a good faith belief in the basis for refusal will not avoid sanctions. *Id*. (citing *S.E.C. v. Yorkville Advisors, LLC*, 2015 WL 855796, at *7 (S.D.N.Y. Feb. 27, 2015)). Here, Plaintiff contends failure to properly respond to Plaintiff's Interrogatories (requesting the identity of persons assisting in the preparation of Defendants' answer), Interrogatory Nos. 3(d)-(e) requesting what Plaintiff was told by arresting officers and the identity of persons who decided to charge Plaintiff, and Interrogatory No. 5 requesting the identity of persons with knowledge of Plaintiff's arrest, warrants an award of Plaintiff's expenses pursuant to Rule 37(a)(5)(A). Dkt. 60 at 2.

Although, in the D&O, the court found Defendants' answers to be deficient, yet, as Defendants point out, Defendants served Defendants' answers on June 12, 2019 and Plaintiff delayed asserting objections until September 29, 2020 following which Defendants served, after receiving Plaintiff's objections, supplemental responses on November 13, 2020 intended to correct such deficiencies, Dkt. 58 ¶ 5, which Plaintiff does not dispute. However, as the D&O determined, Defendant's supplemental response continued to be deficient. In particular, Defendants' answers were not sworn to as required by Fed.R.Civ.P. 33(b)(3), D&O at 5-6, Defendants failed to identify the persons assisting in the preparation of Defendants' answers. *Id.* Defendants also failed to fully answer Plaintiff's Interrogatories 3(d)-(e) and 5 which requested the Defendants state what Plaintiff was told when arrested and the identity of persons with information regarding Plaintiff's arrest. D&O at 4. As to these requests, Defendants' answers were unreasonably deficient and Defendants' attempt to correct such came after Plaintiff's

motion was filed on October 28, 2020. However, belated discovery responses following a requesting party's motion to compel do not avoid sanctions under Rule 37(a)(5)(A). *See Rosehoff, Ltd. v. Truscott Terrace Holdings, LLC,* 2016 WL 2640351, at *5 (W.D.N.Y. May 10, 2016) (discovery responses provided after motion to compel is filed will not avoid sanctions). Regarding Plaintiff's requests for production of Defendant Turnbull's personnel file to obtain complaints involving false statements by Defendant, the D&O found Defendants' reliance on N.Y. Civil Rights Law § 50-a to be in error, D&O at 10, however, the court also determined that it is common for courts to review such files *in camera* rather than produce the file for unsupervised review by the opposing party. *Id.* Accordingly, the court declines to find Defendants' reliance on § 50-a was not substantially justified.

## CONCLUSION

Based on the foregoing, Plaintiff's request for expenses pursuant to Rule 37(a)(5)(A) is GRANTED in part. Plaintiff's affidavit in support of such expenses shall be filed within 20 days; Defendants' response shall be within 10 days thereafter; Plaintiff's reply, if any, shall be filed within five days; oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates: June 25, 2021
       Buffalo, New York