UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOMINIQUE N. WILSON,                                           DECISION
                                                                                                        and
                                                    Plaintiff,                                  ORDER
   v.

TOWN OF CHEEKTOWAGA,
TOWN OF CHEEKTOWAGA POLICE DEPARTMENT,       18-CV-1255W(F)
TIMOTHY TURNBULL, Police Officer,

                                                  Defendants.
_____

APPEARANCES:            GREGORY D. ABRAM, ESQ.
                                   Attorney for Plaintiff
                                   249-12 Jericho Turnpike
                                   Suite 230
                                   Floral Park, New York 11001

                                   COLUCCI & GALLAHER, P.C.
                                   Attorneys for Defendants
                                   MARYLOU K. ROSHIA,
                                   MARC S. SMITH, of Counsel
                                   2000 Liberty Building
                                   424 Main Street
                                   Buffalo, New York 14202-3695

      In this civil rights case alleging false arrest, false imprisonment, assault and battery and malicious prosecution, Defendants moved, on December 4, 2020, for a protective order to bar Plaintiff's deposition of Defendant Town of Cheektowaga's ("the Town") Supervisor Diane Benczkowski. Plaintiff had noticed the deposition in an apparent effort to identify the Defendant Town's official with final policy making authority regarding the Town Police Department's arrest and search policies and procedures. In a Decision and Order filed January 26, 2021 (Dkt. 56) ("the D&O"), the court granted Defendants' motion. Specifically, the court found that under controlling law in this

Circuit, Supervisor Benczkowski was exempt from deposition as a senior administrative officer unless Plaintiff could demonstrate that the supervisor possessed specialized knowledge or information with regard to the issues in the case, which Plaintiff had failed to do. D&O at 2-5 (citing *Lederman v. New York City Dept. of Parks and Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) ("*Lederman*"). The court therefore required Plaintiff to show cause why Defendants' reasonable expenses in connection with Defendants' motion should not be awarded as required by Fed.R.Civ.P. 37(a)(5)(A) as applicable to Defendants' motion by Fed.R.Civ.P. 26(c) ("Rule 37(a)(5) applies to the award of expenses"). Rule 37(a)(5)(A) requires the court award such expenses unless the party or the party's counsel responsible for the conduct necessitating the motion, in this case, Defendants' motion for a protective order pursuant to Fed.R.Civ.P. 26(c) in response to Plaintiff's attempt to depose Supervisor Benczkowski, was substantially justified or such an award would in the circumstances be unjust. *New York v. Grand River Enterprises Six Nations, Ltd.*, 2021 WL 948042, at *2 (W.D.N.Y. Mar. 12, 2021) (citing *Rosehoff, Ltd. v. Truscott Terrace Holdings, LLC*, 2016 WL 2640351, at *4 (W.D.N.Y. May 10, 2016)). Substantial justification may be found where the conduct at issue was objectively reasonable. *Id.* (citing *Scott-Iverson v. Indep. Health Ass'n, Inc.*, 2016 WL 1458239, at *2 (W.D.N.Y. Apr. 14, 2016)). A good faith belief in such reasonableness is insufficient. *Id*. (citing *S.E.C. v. Yorkville Advisors, LLC*, 2015 WL 855796, at *7 (S.D.N.Y. Feb. 27, 2015)).

In response to the court's direction to show cause why Defendants' expenses should not be awarded, Plaintiff responded that Defendants' proffer of a Town police officer in lieu of Supervisor Benczkowski who could be deposed for the purpose of

obtaining the information sought by Plaintiff was deficient in that Defendants failed to demonstrate the officer was possessed of such knowledge. Dkt. 59 at 2. Plaintiff also invoked Article IX of the New York State Constitution granting home rule authority to local governments, the relevance of which escapes the court's understanding. *Id.* However, such assertions beg the question of whether Plaintiff had any reasonable basis to insist on taking Supervisor Benczkowski's deposition on this fairly mundane issue without establishing the Supervisor had special knowledge as required by *Lederman*. Contrary to Plaintiff's unsupported assertions, the D&O found Defendants had proffered a witness with knowledge of the relevant information sought by Plaintiff, D&O at 2, Defendants reiterated in opposition to Plaintiff's response. Dkt. 62 ¶¶ 6-7. Plaintiff does not further dispute Defendants' representation. Accordingly, the court finds Plaintiff's effort to depose the Supervisor necessitating Defendants' motion was not substantially justified nor has Plaintiff demonstrated any basis to find that an award of Defendants' responses would be unjust in the circumstances. As there is no indication Plaintiff herself was involved in the decision to depose the supervisor, the award of expenses shall be directed solely to Plaintiff's counsel.

## CONCLUSION

Based on the foregoing, pursuant to Rule 26(c)(3), Defendants' reasonable expenses incurred in connection with Defendants' motion for a protective order are GRANTED. Defendants' affidavit in support of expenses shall be filed <u>within 20 days</u> of this Decision and Order; Plaintiff's response shall be filed <u>within 10 days</u> thereafter; any reply shall be filed <u>within five days</u>; oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
 LESLIE G. FOSCHIO
 UNITED STATES MAGISTRATE JUDGE

Dates: June 25, 2021
 Buffalo, New York